IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CR342 |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES M. CLARK, | ) | FINDINGS, RECOMMENDATION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

     This matter is before the Court on Defendant James M. Clark's Motion to Dismiss (filing 40). For the reasons set forth below, the undersigned will recommend that the Motion to Dismiss be denied.

## BACKGROUND

     Defendant has been charged with four counts of embezzling money from the Westside Community School District ("WCSD") in violation of 18 U.S.C. § 666. The Indictment alleges that Defendant, who had access to school funds as the Comptroller and Director of Finance for the District, converted WCSD funds for his personal use. (Filing 1.)

     Defendant has moved to dismiss the indictment, arguing that proceeding with the prosecution would violate his constitutional right to due process. Defendant contends that WCSD destroyed files containing exculpatory evidence during the criminal investigation and, as a result, he is now unable to present a complete defense to the charges asserted against him.

     On October 30, 2013, the Court ordered the parties to brief the issue of whether WCSD's alleged destruction of evidence is attributable to the government. In doing so, the Court instructed the parties to assume that (1) evidence was destroyed by WCSD and (2) that the destroyed evidence was exculpatory.

**DISCUSSION**

The failure to preserve evidence may violate due process when those actions are attributable to the government. *See Arizona v. Youngblood*, 488 U.S. 51 (1988). However, as found by the Eighth Circuit Court of Appeals, "[w]here responsibility for the loss or destruction of evidence lies primarily with state authorities, courts have been reluctant to impose sanctions for its nonproduction by the federal government." *United States v. Doty*, 714 F.2d 761, 764 (8th Cir. 1983) (citation omitted). *See also U.S. v. Thorton*, 842 F.2d 335 (9th Cir. 1988) ("[T]he destruction of evidence by local authorities over which the prosecution did not exercise control will not ordinarily be attributed to the prosecution, particularly where the local authorities were in possession of the evidence"). "In determining whether the loss or destruction of evidence has deprived a defendant of a fair trial, courts have engaged in a case-by-case assessment of the government's culpability for the loss, together with a realistic appraisal of its significance when viewed in light of its nature, its bearing upon critical issues in the case and the strength of the government's untainted proof." *Doty*, 714 F.2d at 764 (internal quotation and citations omitted).

Defendant argues that the destruction or loss of Defendant's files by WCSD is attributable to the government for purposes of the due process clause. However, Defendant has not presented any case law which supports this contention or that addresses the consequences of a school official's destruction of evidence. Moreover, there is no indication that the alleged loss of files was due to bad faith on the part of the government, that government agents participated in the destruction of the documents, or that government officials ever possessed the files. There is no evidence that WCSD or its representatives destroyed evidence at the direction, authorization or approval of state or federal law enforcement. Having carefully considered the matter and the totality of the circumstances presented, the undersigned will recommend that Defendant's Motion to Dismiss be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** to the Honorable Joseph F. Bataillon, United States District Judge, that Defendant James M. Clark's Motion to Dismiss (filing 40) be denied.

The parties are notified that failing to timely object to this Findings, Recommendation and Order as provided in the local rules of this Court may constitute a waiver of any objection.

**DATED January 6, 2014.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**